IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **FREDERICK O'NEAL, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Civil Action Number:** |
| **VETERANS PROPERTY MASTERS,** | : | |
| **LLC, MEAGAN BOSON, and** | : | |
| **TIMOTHY BOSON,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Frederick O'Neal, Jr. ("Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendants Veterans Property Masters, LLC ("Veterans"), Meagan Boson, and Timothy Boson and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et. seq.*) (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the Defendants failed to pay him at the minimum hourly rate and an additional like amount as liquidated damages; (2) recover overtime pay that was denied him and an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Veterans is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Fulton County, Georgia.

5.

Defendants employed Plaintiff as a laborer in and around Atlanta, Georgia from July 2011 through July 2012.

6.

At all times material hereto, Plaintiff has been an "employee" of Veterans as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about July 2011 until July 2012, Plaintiff has been "engaged in commerce" as an employee of Veterans as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a), and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Veterans is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Veterans has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about July 2011 until July 2012, Veterans was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a), and in the 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, Veterans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, Veterans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, Veterans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Veterans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Veterans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Veterans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Veterans has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Veterans is subject to the personal jurisdiction of this Court.

19.

Meagan Boson resides within Cobb County, Georgia.

20.

At all times material hereto, Meagan Boson exercised operational control over the work activities of Plaintiff.

21.

At all times material hereto, Meagan Boson was involved in the day to day operation of Veterans in which Plaintiff worked.

22.

At all times material hereto, Veterans vested Meagan Boson with supervisory authority over Plaintiff.

23.

At all times material hereto, Meagan Boson exercised supervisory authority over Plaintiff.

24.

At all times material hereto, Meagan Boson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

25.

At all times material hereto, Meagan Boson exercised authority and supervision over Plaintiff's compensation.

26.

At all times material hereto, Meagan Boson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

Meagan Boson is subject to the personal jurisdiction of this Court.

28.

Timothy Boson resides within Cobb County, Georgia.

29.

At all times material hereto, Timothy Boson exercised operational control over the work activities of Plaintiff.

30.

At all times material hereto, Timothy Boson was involved in the day to day operation of Veterans in which Plaintiff worked.

31.

At all times material hereto, Veterans vested Timothy Boson with supervisory authority over Plaintiff.

32.

At all times material hereto, Timothy Boson exercised supervisory authority over Plaintiff.

33.

At all times material hereto, Timothy Boson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

34.

At all times material hereto, Timothy Boson exercised authority and supervision over Plaintiff's compensation.

35.

At all times material hereto, Timothy Boson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

36.

Timothy Boson is subject to the personal jurisdiction of this Court.

37.

At all times material hereto and while an employee of Defendants, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

38.

At all times material hereto and while an employee of Defendants, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto and while an employee of Defendants, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto and while an employee of Defendants, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

41.

At all times material hereto and while an employee of Defendants, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

42.

At all times material hereto and while an employee of Defendants, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

43.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

44.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

45.

From or about July 2011 through July 2012, Defendants made deductions from Plaintiff's compensation for "gas fees".

46.

From or about July 2011 through July 2012, Defendants made deductions from Plaintiff's pay for "equipment fees".

47.

At times during the compensable period, Defendants paid Plaintiff on a "points" system that did not compensate him for the minimum wage required.

48.

In or about December 2011, Veterans was retained to secure a property located in Fulton County, Georgia ("the Property").

49.

Plaintiff was assigned to secure the Property.

50.

Plaintiff and his work partner were unable to locate the Property.

51.

An air conditioner ("Air Conditioner") was reported missing from the Property.

52.

It is not known whether the Air Conditioner was removed from the Property before or after Plaintiff was assigned to secure the Property.

53.

Veterans held Plaintiff at least partially responsible for the missing Air Conditioner.

54.

On or about December 22, 2011, Defendants demanded that Plaintiff sign a document styled "Unsecured Promissory Note" under which he would be obligated to pay Defendants $1,725.00 for the cost of the stolen Air Conditioner.

55.

Plaintiff refused to sign the "Unsecured Promissory Note".

56.

In or about December 2011, Defendant suspended Plaintiff from work because of Plaintiff's refusal to sign the "Unsecured Promissory Note".

57.

In or about January 2012, Plaintiff returned to work from the suspension.

58.

In or about January 2012, Defendants began making deductions from Plaintiff's wages to recoup the cost of the stolen Air Conditioner.

59.

The aforementioned deductions are not among those types of deductions allowed under the FLSA as an exception to the applicable minimum wage.

60.

As a result of these deductions, Defendants failed to pay Plaintiff at an hourly rate that equaled or exceeded $7.25.

61.

From on or about July 2011 through July 2012, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

- 12 -

62.

From on or about July 2011 through July 2012, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

63.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

66.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

67.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

69.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through July 2012.

70.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through July 2012.

71.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.      That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about July 2011 through July 2012 due under the FLSA, plus an additional like amount in liquidated damages;

2.      As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3.      That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF